MANRIQUE, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS,
RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador
de la Propiedad de Caguas denegando la inscripción en
el Registro de Contratos Agrícolas, de una escritura de
refacción agrícola con garantía de plantaciones de cañas.

No. 425.—Resuelto en julio 28, 1919.

CRÉDITOS REFACCIONARIOS — ANOTACIÓN DE CRÉDITOS REFACCIONARIOS — REGISTRO
DE CONTRATOS AGRÍCOLAS — PREFERENCIA DE CRÉDITOS REFACCIONARIOS. — El
mero hecho de que las plantaciones dadas en garantía del crédito refaccio-
nario cuya anotación en el Registro de Contratos Agrícolas se solicita estén
sujetas a una garantía anterior, no impide que se haga la anotación solici-
tada, esté o no anotado el gravamen anterior, debiendo en este último caso
hacerse mención del primer gravamen por resultar así de los documentos
presentados.

Los hechos están expresados en la opinión.
Abogado del recurrente: *Sr. Lorenzo Giménez García.*
El registrador recurrido, Sr. Pedro Gómez Lasserre, no
compareció.

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del tri-
bunal.

El recurrente en este recurso gubernativo, Cipriano Man-
rique, presentó al Registrador de la Propiedad de Caguas
para su anotación en el Registro de Contratos Agrícolas una
escritura de refacción agrícola con garantía de plantaciones
de cañas de la que aparece que esas plantaciones habían sido
dadas en garantía anteriormente a otra persona.    También
presentó con dicha escritura la otra en que consta la garan-
tía anterior.

El registrador recurrido con vista de esos documentos
negó la anotación fundándose en que el gravamen preferente
de dichas plantaciones a favor de otra persona es incompa-
tible y contradictorio con la garantía expresada en el docu-
mento cuya anotación se le pide.

La escritura en que consta la garantía anterior no tiene
constancia de haber sido anotada en el registro y ni el recu-
rrente ni el registrador exponen que esté anotado por lo que

entendemos que la cuestión que surge de la negativa del registrador es que por el mero hecho de constar afectas las plantaciones gravadas a otra garantía anterior no se puede hacer la anotación del contrato posterior, aunque no esté anotado el anterior.

La Ley No. 37 de 1910 sobre contratos de refacción agrícola y molienda de cañas creó el Registro de Contratos Agrícolas que encomendó a los registradores de la propiedad, ley que en algunas de sus disposiciones fué enmendada por la número 59 del año 1911. Dispone esa ley en su sección 4 que el crédito de refacción agrícola, desde la fecha de su presentación en el registro, tendrá preferencia a todos los créditos posteriores de cualquiera naturaleza (según la edición inglesa de la ley) excepción hecha de los créditos por contribuciones.; y la sección 14 que contra un título anotado, con arreglo a esta ley, no podrá prevalecer ningún título o documento no anotado o inscrito anteriormente, así como que a las anotaciones y notas marginales en el registro de contratos agrícolas serán aplicables los preceptos de la Ley Hipotecaria, en cuanto no se oponga a esta ley.

De acuerdo con esos preceptos no vemos por qué no pueda anotarse un gravamen sobre plantaciones de cañas por el hecho de haber sido dadas antes en garantía a otra persona, esté o no anotada la garantía constituída en primer término, porque incompatibles son diversas hipotecas sobre la misma finca y, sin embargo, pueden inscribirse aunque subordinada la posterior a la anterior inscrita. De igual modo pueden anotarse diversos gravámenes sobre las mismas plantaciones de cañas subordinado el posterior al anteriormente anotado por el carácter preferente que a su anotación reconoce la ley; y si no ha sido anotada, como parece ser el caso actual, haciendo mención de la garantía anterior en la anotación por resultar así de los documentos presentados.

La nota recurrida debe ser revocada.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.